Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La parte demandada-peticionaria, Dr. Julio Santiago Vigo y su compañía aseguradora, Seguros *943 Triple S, recurren ante nos mediante recurso de certiorari con el propósito de que se revoque una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao. En la misma, se declaró No Ha Lugar una "Moción Solicitando Desestimación de la Demanda Enmendada por Prescripción". Por los fundamentos que más adelante se reseñan, se expide el auto de certiorari y se confirma la resolución aludida.
I
El 9 de marzo de 1990 la parte demandante-recurrida presentó una demanda en daños y perjuicios contra el Hospital Ryder Memorial, Inc. y su compañía aseguradora. En ella reclamaron daños y perjuicios por la muerte de su causante Doña Aurora Ramos Berrios, quien falleció el 12 de marzo de 1989. Alegaron en la demanda que "la muerte de la causante antes mencionada se debió única y exclusivamente a la negligencia y descuido de los agentes o empleados del Hospital demandado, por cuya negligencia ésta sufrió una caída que le causó y/o aceleró la muerte". Solicitaron además, que se condenara a la parte demandada a pagar solidariamente a la parte demandante la suma total de $125,000.00 por todos los daños sufridos más las costas y una suma razonable de honorarios de abogados. Tres años después de presentar la demanda, los demandantes enmendaron la demanda original e incluyeron como co-demandados a los aquí recurrentes, Dr. Julio Santiago Vigo y su compañía aseguradora. En dicha demanda enmendada se alegó que "entre los agentes del hospital demandado, estaba el galeno Dr. Julio Santiago Vigo, quien no le brindó a la paciente fallecida el tratamiento adecuado, incumpliendo su deber de previsibilidad al dejar de prestar el nivel de atención médica y de excelencia profesional generalmente reconocida en su profesión." Alegaron además, "que el hospital es responsable solidariamente por las acciones y omisiones negligentes del médico en el tratamiento de la paciente confinada en las gestiones del hospital." Como resultado de la presentación de la demanda enmendada los demandados-peticionarios presentaron una Moción de Desestimación en la cual alegaron que la acción estaba prescrita. Luego de varios incidentes procesales la misma fue declarada sin lugar. No conforme con tal resolución acuden a este Foro.
II
El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a . reparar el daño. Artículo 1802 del Código Civil. Los artículos 1868 y 1869 establecen que el término prescriptivo de las acciones a las que se refiere el artículo 1802 prescriben en el plazo de un año desde que el agraviado supo del daño sufrido o desde el día en que pudieron ejercitarse. De igual manera, el artículo 1873 dispone que la prescripción extintiva de las acciones se interrumpe por su ejercicio en los tribunales, por reclamación extrajudicial del acreedor o por cualquier acto de reconocimiento de la deuda por parte del deudor. Además, en lo pertinente, el artículo 1094 manda que las acciones ejercitadas contra cualquiera de los deudores solidarios perjudicarán a todos éstos, y el artículo 1874 ordena que la interrupción de la prescripción de acciones en las obligaciones solidarias aprovecha o perjudica a todos los acreedores y deudores.
El ordenamiento jurídico preceptúa que serán responsables solidariamente los co-causantes de daños extracontractuales. En estos casos no es de aplicación el pacto expreso de solidaridad al que se refiere el artículo 1090 del Código Civil. Este únicamente es aplicable a las relaciones contractuales y no a los casos de responsabilidad extracontractual.
En resumen, "[cjuando dos o más personas son llamadas a responder legalmente como co-causantes de un daño que es indivisible, la norma generalmente aplicada es la responsabilidad solidaria. La víctima puede exigir reparación del daño a todos, o a cualesquiera de ellos y la interrupción de la prescripción en cuanto a uno perjudica a todos." Irizarry Yunqué, Carlos J., Responsabilidad Civil Extracontractual, Universidad Interamericana de Puerto Rico, 1995, pág. 380.
En el presente caso la demanda original fue presentada dentro del término prescriptivo, sin embargo, la demanda enmendada fue presentada aproximadamente tres años después de haber expirado el término aludido. Es de rigor determinar si la causa de acción traída en la demanda enmendada contra los peticionarios está prescrita o si por el contrario la presentación de la demanda original interrumpió el término en perjuicio de los aquí recurrentes. En Arroyo v. Hospital La Concepción, 92 JTS 66, a las págs. 9536 y 9537, opinión de 5 de junio de 1992 el Tribunal Supremo se pronunció de la siguiente manera:
*944 "Resolvemos hoy que la doctrina de la solidaridad [consagrada en García v. Gob. de la Capital, [supra] permite traer ajuicio instado a tiempo, a un [co-causante] solidario que originalmente no fue incluido en el pleito... a través de demanda contra tercero por parte del demandado [o] por enmienda a la demanda por parte del demandante... [S]ólo se requiere alegar bien y suficientemente en la demanda el hecho de que el nuevo demandado o tercero demandado, según los casos, responde solidariamente por los daños reclamados con el demandado original, contra quien se radicó demanda dentro del término prescriptivo dispuesto por el ordenamiento..." H. Brau, ob. cit., pág. 243 (énfasis suplido).
Esta norma supone que si luego de desfilada la prueba en el juicio, los demandantes no lograren probar que la parte traída como co-causante solidario al pleito no es efectivamente responsable solidario, éste deberá ser exonerado de toda responsabilidad. Brau del Toro, Herminio, Los Daños y Perjuicios Extracontractuales en Puerto Rico, 2da. ed. Publicaciones JTS Inc., (1986), a la pág. 631.
De un exámen del contenido de la demanda se desprende que los demandantes alegaron que, a consecuencia de la negligencia de los agentes o empleados del hospital demandado, su causante sufrió daños y que tanto éstos como el hospital son responsables solidariamente. Dicha demanda, presentada a tiempo, interrumpió el término prescriptivo en perjuicio de los aquí peticionarios. Más aún, en la demanda enmendada los demandantes alegaron "bien y suficientemente " que los peticionarios deben responder solidariamente por los daños reclamados a la parte demandada originalmente.
En virtud de lo precedentemente expuesto, se expide el auto de certiorari y se confirma la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Notifíquese por la vía ordinaria.
María de la C. González Cruz
Secretaria General